By the Court.
The defendants in error, E. R. Norman and William Curley, were convicted in the court of common pleas of Scioto county of the larceny of certain liquors owned by one J. S. Stevens.
Error was prosecuted to the court of appeals. The court of appeals reversed the judgment of the court of common pleas upon one ground, a portion of the charge of the trial judge relating to alibi. The court in that behalf said;
*542 “In the application of this principle of reasonable doubt, you will consider it in connection with the alibi. While the defendants in this case introduce on their behalf evidence tending to show an alibi, the burden is not on them to show that; but they have a right to introduce it. It is proper for the jury to consider it and say whether it has been established. But as to that, the court instructs you that the State must prove all the elements of this case, including that of alibi, beyond a reasonable doubt.”
The court of appeals rightly found that this was error. In the first place this portion of the charge is unintelligible. It may have been a mistake of the stenographer instead of the court, but the record clearly discloses that the statement is as irrational as it is inapplicable.
An alibi is, strictly speaking, not a defense, though usually called such in criminal procedure. A defense generally involves the duty that it be supported by some quantity of proof, casting the burden upon the party relying upon it. In that sense, an alibi is not a defense. It is a term used merely to meet the general issue of not guilty, and applies particularly to a claim that the, defendant was elsewhere than where the crime was committed. In short, the defendant tenders proof that the place at which he was at the time of the commission of the alleged crime at least raises a reasonable doubt that he committed the crime, either as principal, or as aider and abettor.
The language of the court, “in the application of this principle of reasonable doubt, you will consider *543 it in connection with the alibi,” is erroneous in that it has an entirely different application than the usual one applicable to the various elements of the offense, the burden of proving which, beyond a reasonable doubt, is upon the state.
There is no such distinction drawn in the charge to justify this language as used.
Again,'the court was in error in the use of the language, “But as to that, the court instructs you that the State must prove all the elements of this case, including that of alibi.”
The self-evident paradox involved in this statement shows its inconsistency. The state does not prove the alibi, but must prove quite the contrary, the presence of the prisoner at such time and place as establishes his guilty connection with the crime to a moral certainty. “Presence” and “alibi” are the very opposites and antipodes of each other.
Further touching the law as to alibi, the court said: “And on the law in regard to alibi, the court instructs you that, in order to show that the defendants were at another place at the time of the burglarizing of the home of J. S. Stevens, so far as relied on by the defendants, or to render the proof of the alibi satisfactory to the Jury, it must cover the whole time of the commission of the burglary, — if the Jury believe from the evidence that the burglary was committed (when I speak of burglary, I mean burglary and larceny) —so as to render it impossible, or, very improbable, that the defendants could have committed the act.”
This is the most serious misstatement of the law touching alibi. It practically places the burden *544 upon the defendants to prove their alibi to a degree, in the language of the court, “so as to render it impossible, or, very improbable, that the defendants could have committed the act.”
This would deny the right of acquittal to the defendants by virtue of the alibi, if such alibi in connection with all the evidence in the case raised a reasonable doubt as to the guilt of the accused, but requires the alibi to be effective to “render it impossible, or very improbable, that the defendants could have committed the act.”
But even if it is possible and very probable that the defendants could have committed the act, still that degree of proof would not be sufficient, would not measure up to a moral certainty. It is exceed-’ ingly clear that there are many reasonable doubts existing between a grade of proof known as “very probable” and one known as “morally certain.”
As' a rule, charges in criminal cases should be ' very short and simple. The law as to the fundamental elements to be considered by the jury touching crimes as old and well-established as burglary and larceny has 'been exactly and precisely settled so long that a trial court in dealing therewith is not warranted in the use of loose or lax phraseology, involving many repetitions. The briefer the better, so long as the essential elements are simply stated.
In this case, more than a page is consumed in covering the subject of “reasonable doubt.” Such a simple phrase is so plain andl understandable to a jury of ordinary intelligence that it may wéll be *545 doubted whether or not attempts at definition do not cloud rather than clear the meaning of these words.
The court further in its charge uses this language: “The Court instructs you, as a matter of law, that you are to be liberal with the State as well as the defense.”
Surely this introduces a new element into the law applicable to the jury in weighing the evidence in criminal cases. The rule in such cases from time immemorial has been that the state is held to a strict degree of proof; that each element of the ofifense must be proven to a moral certainty, or beyond a reasonable doubt — the two measures of proof being the equivalent of each other in criminal procedure. The language used by the court was clearly an incorrect statement of the law.
We regret the necessity of another trial in this case, but we cannot see our way clear to reverse the court of appeals on a question of law where that court is clearly correct in having reversed the trial court for glaring, basic errors touching vital matters submitted to the jury.
The judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.